IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR-09-97-GF-DLC-RKS-01 |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| JORDAN LEWIS PATRICK WING, | |
| Defendant. | |

## I. Synopsis

Defendant Jordan Wing was accused of violating his conditions of supervised release by disobeying the rules at a Residential Re-entry Center. He admitted to the violations. His supervised release should be revoked, and he should be ordered to serve 18 months imprisonment, with no supervised release to follow.

## II. Status

Mr. Wing plead guilty to burglary in 2009. CD 20. The offense consisted of

1

Mr. Wing and co-defendants breaking into a private residence where they stole numerous items, including a shotgun that Mr. Wing brandished toward law enforcement officers later that night.  CD 17.  Mr. Wing was sentenced in March 2010 to 30 months incarceration, with three years supervised release to follow.  CD 29.  Mr. Wing's supervised release was revoked in October 2012 for tribal crimes and alcohol use.  CD 43.  He was ordered to serve six months in prison and 30 months supervised release with the first 180 days of supervised release to be spent at a residential re-entry facility.  CD 43.  Mr. Wing began his current term of supervised release on March 29, 2013.  CD 47.

**Petition**

The United States Probation Office filed a petition on July 16, 2013, asking the court to revoke Mr. Wing's supervised release.  CD 47.  The petition alleged that Mr. Wing violated Special Condition #1 of his supervised release by failing to abide by the rules and regulations of the Residential Re-entry Facility where he was ordered to reside for 180 days.  The petition alleged that Mr. Wing received eight "write ups" for rule violations at the Great Falls Transition Center.  The center asked for his removal.  Based on the petition, the undersigned issued a warrant for Mr. Wing's arrest.  CD 48.

2

**Initial Appearance**

Mr. Wing was arrested on July 16, 2013. CD 49. He made an initial appearance before the undersigned on July 18. CD 50. Mr. Wing was accompanied by Federal Defender David Ness, who was appointed as counsel. The United States was represented by Assistant United States Attorney Ryan Weldon.

Mr. Wing said he had read and understood the petition. He waived his right to a preliminary examination. Mr. Weldon asserted that Mr. Wing could be incarcerated for up to 24 months if his supervised release is revoked. Mr. Ness agreed. Mr. Ness informed the court that Mr. Wing wished to proceed immediately to a revocation hearing, and intended to admit the violation. The revocation hearing commenced.

**Revocation Hearing**

Mr. Wing was present at the revocation hearing, represented by Mr. Ness. Mr. Weldon represented the United States. The undersigned explained the Findings and Recommendations procedure, informing Mr. Wing that the undersigned would submit a recommendation to United States District Judge Dana L. Christensen, who would make the revocation and sanction determinations. Mr. Wing was informed of his right to object to the recommendation, and to appear and

allocute before Judge Christensen.

Mr. Wing admitted to violating a condition of his supervised release, as alleged in the petition. The undersigned found the admission sufficient to establish a violation, and believes the violation requires revocation of Mr. Wing's supervised release.

Mr. Wing's violation grade is C, his criminal history category is I, and his underlying offense is a class C felony. Under those circumstances, he could be ordered to serve up to 24 months in prison, but the United States Sentencing Guidelines call for three to nine months incarceration. The court could impose up to 30 months on supervised release, less any custodial time imposed.

Mr. Ness requested a sentence of 12 to 13 months, with no additional supervised release to follow. Mr. Ness explained that he was asking for a prison term above the sentencing guidelines in lieu of additional supervised release, which has not been productive for Mr. Wing.

Mr. Wing addressed the court. He said he had messed up on supervised release, and is sorry.

Mr. Weldon requested a sentence of 18 months, with no supervised release to follow. Mr. Weldon agreed that supervised release has not been effective or beneficial in Mr. Wing's case, and should not be imposed in the future. Mr.

4

Weldon argued that an 18-month sentence is appropriate not only because future supervision is not recommended, but because Mr. Wing made no effort whatsoever to comply with his conditions, even in the controlled environment of the Residential Re-entry Center.

### III. Analysis

Mr. Wing's supervised release should be revoked. He admitted to violating a condition in a flagrant, ongoing fashion. His supervised release has already been revoked once, so he was on notice that violations are not acceptable.

A sanction of 18 months incarceration should be imposed. Mr. Wing abused the trust that was placed in him by simply disregarding the rules and regulations of the pre-release center. That, combined with his previous revocation and the recommendation that he be relieved of future supervised release, justify the substantial upward departure from the guideline range.

No additional supervised release should be imposed because it is ineffective in Mr. Wing's case. Considering Mr. Wing's abject failure to follow the rules in a pre-release center, the undersigned has no hope that he would comply with court conditions in a less-structured environment. Neither Mr. Wing nor the community benefit from supervision if Mr. Wing ignores the conditions. Continued supervision would be a poor use of government resources.

## IV. Conclusion

Mr. Wing was advised that the above sentence would be recommended to Judge Christensen. He was reminded that he may object to this recommendation within 14 days of its issuance. We was advised that he has a right to appear and allocute before Judge Christensen, but must properly object to this recommendation to preserve that right.

The court FINDS:

1. Mr. Wing violated Special Condition #1 of his supervised by failing to comply with the rules and regulations of the Residential Re-entry Facility in which he was ordered to reside.

The court RECOMMENDS:

1. The District Court should enter the attached Judgment, revoking Mr. Wing's supervised release and committing him into the custody of the United States Department of Corrections for 18 months.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 19th day of July, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge